IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MERITER HEALTH SERVICES, INC.,

            Plaintiff,

v.

GODFREY & KAHN, S.C., THOMAS HOFFNER, LAFOLLETTE SINYKIN, LLP, TOWERS WATSON DELAWARE, INC., TOWERS WATSON PENNYSLVANIA, INC.,TOWERS WATSON & CO., WATSON WYATT WORLDWIDE, INC., TOWERS PERRIN FORSTER & CROSBY, INC., RICHARD PEARSON, DAVID CONDER ENDERLE & SLOAN, INC., GORDON ENDERLE, MMIC INSURANCE, INC., and FEDERAL INSURANCE COMPANY,

            Defendants,

MMIC INSURANCE, INC.,

            Cross Claimant,

v.

FEDERAL INSURANCE COMPANY,

            Cross Defendant,

MMIC INSURANCE, INC.,

            Counter Claimant,

v.

MERITER HEALTH SERVICES, INC.,

            Counter Defendant,

and

FEDERAL INSURANCE COMPANY,

            Cross Claimant and Counter Claimant,

v.

MMIC INSURANCE, INC.

            Cross Defendant and Counter Defendant.

OPINION AND ORDER

15-cv-087-wmc

In this civil action, plaintiff Meriter Health Services, Inc. asserts professional negligence claims against its former lawyers, actuaries and pension plan design consultants, as well as state law breach of contract and declaratory judgment claims against two of its liability insurers. (Compl. (dkt. #1-1.).) Defendants removed this action to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Not. of Removal (dkt. #1).) Before the court is plaintiff's motion to remand. (Dkt. #25.) For reasons explained more fully below, the court will now grant that motion, finding that: (1) this malpractice action does not arise out of and is not sufficiently connected with the settlement of the underlying ERISA class action in which Meriter was the defendant; and (2) the face of Meriter's complaint does not present substantial questions of ERISA law. Accordingly, the court will direct the clerk of court to remand this case to Dane County Circuit Court.

BACKGROUND

On January 5, 2015, this court approved a class action settlement between Meriter and its retirement plan beneficiaries. *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, No. 10-cv-426-wmc (W.D. Wis. Jan. 5, 2015). In the order approving the settlement, the court, at the request of the parties, stated:

> Without affecting the finality of this final order and judgment, the court retains jurisdiction under the Employee Retirement Income Services Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to implement, interpret, and/or enforce this final order and judgment, the preliminary approval order and the settlement agreement, the terms of which are incorporated in this order.

*Johnson*, No. 10-cv-426-wmc, slip. op. at *15 (W.D. Wis. Jan. 5, 2015) (dkt. #483).

The following day, Meriter filed its complaint in state court asserting various state law claims for negligence and breach of fiduciary duties against its actuaries, pension consultants, attorney, and their respective firms arising out of their respective roles in the design, implementation and administration of Meriter's Cash Balance Pension Plan. Meriter also asserts claims against defendants MMIC and Federal insurance companies (collectively "Insurance defendants") for breach of contract in denying coverage.

On February 11, 2015, Towers Watson Delaware, Inc., Towers Watson Pennsylvania, Inc., Towers Watson & Co., Watson Wyatt Worldwide, Inc., Richard Pearson, and Gordon Enderle (collectively referred to as the "Towers defendants") filed a notice of removal, claiming that this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, to which the other defendants added their required consents.

OPINION

Article III, section 2 of the Constitution and 28 U.S.C. § 1331 provide federal district courts with jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." A cause of action arises under federal law only when federal law is part of the plaintiff's "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This means that the court looks only at the complaint, not at asserted defenses, *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936), or at counterclaims, *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831

Case: 3:15-cv-00087-wmc   Document #: 99   Filed: 11/20/15   Page 4 of 13

(2002). Similarly, the court refers only to the portions of the complaint that are *necessary* to sustain plaintiff's cause(s) of action, not at pleadings that merely anticipate a defense. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908). Moreover, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

As the parties with "the burden of establishing federal jurisdiction," *id.*, defendants here assert two principal bases on which this court's federal subject matter jurisdiction lies.[1] First, defendants assert that "because this Court had original jurisdiction in the [u]nderlying ERISA Action and retained jurisdiction over Meriter as to any matter arising out of or connected with the Settlement, removal is proper under principles of supplemental jurisdiction, 28 U.S.C. § 1367, and the All Writs Act § 1651." (Tower Defs.' Opp'n (dkt. #41) 3.) Second, defendants assert that "this case presents substantial questions of federal ERISA law that must be decided during Meriter's case in chief." (*Id.*) The court addresses each assertion in turn below.

I. Retained Jurisdiction over Class Action Settlement

The first of defendants' assertions is baseless. Contrary to defendants' characterization, the court did not "retain exclusive jurisdiction over Meriter with respect

---

[1] Counsel for the Tower defendants advance these arguments, which the Insurance defendants expressly (and the other defendants implicitly) adopted. Although the insurance companies also make a convoluted, separate argument for severance and diversity jurisdiction (dkt. #38 and #40, respectively), which is addressed later in this opinion, there is plainly *not* complete diversity between plaintiff and defendants, as plaintiff and defendant law firm are all Wisconsin citizens.

to matters arising out of or connected with the Settlement." (Tower Defs.' Opp'n (dkt. #41) 5.) Instead, as quoted above, the court expressly retained jurisdiction over the implementation, enforcement and interpretation of the settlement agreement. To the extent exclusive jurisdiction existed at all in that lawsuit, it was because of the claims at issue. While the opening paragraph of the complaint in this lawsuit references the $82 million settlement, this language simply identifies the source of Meriter's injury. There is *nothing* about this language -- nor any other aspect of this new lawsuit -- that grants this court subject matter jurisdiction over the present suit. Meriter is on the hook to pay the $82 million. The source of those funds or how it goes about paying that money is of no import to the implementation, enforcement or interpretation of the settlement agreement. Here, plaintiffs' claims in the complaint not only fail to seek to implement, enforce, or interpret the settlement agreement, the only jurisdiction the court retained to do so lies with *that* lawsuit.

At one point, defendants refer to the possible exercise of supplemental jurisdiction under 28 U.S.C. § 1367. The exercise of supplemental jurisdiction, however, similarly concerns "other claims that are so related to the claims *in the action* within such original jurisdiction," it does not extend to other actions. 28 U.S.C. § 1367(a) (emphasis added); *Humphrey v. United States*, 787 F.3d 824, 826 (7th Cir. 2015) (rejecting third party's post-settlement motion to intervene to assert state law claim; "This federal suit ended when it was dismissed as part of the settlement. Porter needed an independent basis of federal jurisdiction in order to continue a post-dismissal battle."). Even if § 1367 *could* be read in a way that favors defendants' argument, the court may decline to exercise its

supplemental jurisdiction. Indeed, that is the favored approach in the Seventh Circuit where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("The usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

In short, the court's prior adjudication of a class action asserted against Meriter, its order approving the class action settlement, *and* its decision to retain its original, exclusive jurisdiction under ERISA over the settlement in no way forms a basis for this court exercising jurisdiction over a *new* lawsuit, much less one concerning state law malpractice and breach of contract claims for which there is not complete diversity between the parties.

## II. Substantial Federal Issue

While acknowledging that Meriter does not assert federal law claims, defendants also argue that removal is appropriate because Meriter's state law claims arise under federal law. This makes for a novel (though not necessarily fatal) claim to jurisdiction, since the vast majority of cases "arise[] under federal law when federal law creates the cause of action asserted." *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) (quoting *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)).

The United States Supreme Court has "identified a special and small category of cases in which arising under jurisdiction still lies" despite the absence of a federal claim. *Id.* (quoting *Gunn*, 133 S. Ct. at 1064). In those cases, "federal jurisdiction over a state

law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by congress." *Id.* (quoting *Gunn*, 133 S. Ct. at 1065). The category of state law claims that fall within these boundaries is "slim," however, and the Seventh Circuit cautions that "[t]his inquiry rarely results in a finding of federal jurisdiction." *Id.* (citing *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033 (7th Cir. 2014)).

Two recent Supreme Court cases -- one finding jurisdiction, the other not -- provide helpful guidance in determining whether federal jurisdiction lies in this case. In particular, these cases help in determining what constitutes a "substantial" federal issue. In *Grable & Sonsmetal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court held that the suit presented a substantial federal questions for removal purposes. In that case, the IRS seized property of Grable to satisfy federal tax delinquency and then sold it to Darue Engineering & Manufacturing. *Id.* at 310. Five years later, Grable brought a quiet title action in state court, claiming that Darue's title was invalid because the IRS failed to provide the notice of seizure of property as required under 26 U.S.C. § 6335(a). *Id.* at 311.

After reviewing prior cases rejecting an "expansive view" of federal question jurisdiction resting on the "mere need to apply federal law in a state-law claim," the Court reasserted that federal question jurisdiction is limited to those claims that "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Id.* at 313 (alterations in original) (quoting *Shulthis v.*

7

*McDougal*, 225 U.S. 561, 569 (1921)). With that framework in mind, the Court held that federal jurisdiction lies because

> Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the *only* legal or factual issue contested in this case. The meaning of the federal tax provision is an important issue of federal law that belongs in federal court.

*Id.* at 315 (emphasis added).

In *Gunn v. Minton*, 133 S. Ct. 1059 (2013), the Supreme Court held in contrast that a patent owner's claim against his attorney for malpractice was not subject to the jurisdiction of federal courts. Through his attorney, the patent owner, Vernon Minton, had previously filed a patent infringement action in federal district court. The defendants moved for summary judgment on the basis that the patent was invalid. When the motion was later granted, the patent was naturally invalidated. In denying Minton's appeal, the Federal Circuit pointed out, however, that Minton's attorney had waived an argument that his use of the patent more than one year before the filing of his patent application fell within the "experimental use" exception to the "on sale" bar under 35 U.S.C. § 102(b).

Given this bit of encouragement by the Federal Circuit, Minton unsurprisingly sued his counsel for malpractice on the basis that "his attorneys' failure to raise the experimental-use argument earlier had cost him the lawsuit and led to invalidation of his patent." *Id.* at 1063. After the state court granted summary judgment to his attorney, Minton appealed, arguing in part that his state court action should have been dismissed

because the malpractice claim was premised on an alleged error in a patent case, and therefore should have been filed in federal court under 28 U.S.C. § 1338(a).[2] Relying on *Grable* and other cases from the Federal Circuit, the Texas Supreme Court agreed that Minton's claim involved "a substantial federal issue." In particular, the court found that "the success of Minton's malpractice claim is reliant upon the viability of the experimental use exception as a defense to the on-sale bar," making a federal court the exclusive forum for adjudicating the case. *Id.*

Ultimately, however, the United States Supreme Court disagreed. Agreeing that resolution of a federal patent issue was necessary and actually disputed, the Court nevertheless held that it was not a *substantial* issue that warranted the exercise of federal jurisdiction. The Court explained that "[t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* at 1066. The Court further held that the malpractice claim at issue in *Gunn* "carries no such significance."

> Because of the backward-looking nature of a legal malpractice claim, the question is posed in a merely hypothetical sense: *If* Minton's lawyers had raised a timely experimental-use argument, would the result in the patent infringement proceeding have been different? No matter how the state courts resolve that hypothetical "case within a case," it will not change the real-world result of the prior federal patent litigation. Minton's patent will remain invalid.

---

[2] While defendants assert that this court has jurisdiction under 28 U.S.C. § 1331, the Supreme Court has interpreted "the phrase 'arising under' in both sections identically, applying [] § 1331 and §1338(a) precedents interchangeably." *Gunn*, 133 S. Ct. at 1064.

*Id.* at 1066-67.[3]

So, too, here.  Even if the court were to credit defendants' argument that the complaint "raises several questions of federal ERISA law that must be decided in Meriter's case-in-chief," this is not enough under *Grable* or *Gunn* to establish a substantial federal issue.  Instead, Meriter's claims rest on a backward-looking, hypothetical question:  whether different advice and notice would have changed the Plan and thus Meriter's assessment of its liability risks and damages award at the time it settled the ERISA class action.

As this court noted in *Saybrook Tax Exempt Investors, LLC v. Lake of the Torches Economic Development Corporation*, 929 F. Supp. 2d 859 (W.D. Wis. 2013), the small category of cases giving rise to a substantial issue of federal law, for the most part, involve a claim presenting a "nearly pure issue of law that is both dispositive of the case and would be controlling in numerous other cases."  *Id.* at 862 (quotation marks omitted) (quoting *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)).  Not only do Meriter's malpractice and related claims not present a pure issue of federal law, their resolution will have no precedential impact on federal law going forward.  As a result, the issues presented here are simply not of such significance to the federal government that this court exercising jurisdiction is warranted.

---

[3] Similarly, the Court found that the exercise of jurisdiction over state law malpractice claims would upset the "balance of federal and state judicial responsibilities," citing the states' "special responsibility for maintaining standards among members of the licensed professions," especially their interest in regulating lawyers. *Id.* at 1068.

While it pre-dates *Gunn*, the Ninth Circuit's decision in *Custer v. Sweeney*, 89 F.3d 1156 (9th Cir. 1996), also rejected the very argument posited by defendants here: that federal jurisdiction lies because "the resolution of Custer's malpractice claim would require the district court to make findings as to a number of ERISA-related issues." *Id.* at 1168. In *Custer*, the plaintiff asserted claims against an ERISA plan's former attorney for malpractice, among other claims. As in *Gunn*, the Ninth Circuit looked to the federal interest at stake and determined that "Custer's claim does not implicate in any significant way the federal policies that Congress sought to promote in enacting ERISA." *Id.* at 1169; *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 n.2 (1986) (federal jurisdiction lies only where the "federal interest at stake" is substantial). Just as in *Custer*, defendants here have failed to establish that the ERISA issues raised in Meriter's case in chief against its former attorneys and accountants implicate important federal policies.

Nor is the possibility that this court may have an advantage in deciding the ERISA issues at play in the malpractice and breach of contract claims, either because of its familiarity with the *Johnson* case or because of its general familiarity with ERISA, sufficient to trigger this court's jurisdiction. *See Gunn*, 133 S. Ct. at 1068 ("[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in misunderstanding of patent law.").

Finally, defendants also attempt to recast plaintiff's claims as ones for indemnification and contribution. While damages may go to the amount plaintiff owes

11

under the settlement agreement, the complaint reaches well beyond a mere contribution or indemnification claim in seeking "other damages associated with the design, implementation and administration of the Meriter Cash Balance Pension Plan initiated in 1987." (Compl. (dkt. #1-1) 1.) In any event, defendants fail to point to any support for their contention that ERISA (rather than the common law) gives rise to an indemnification claim against a third-party who is not a co-fiduciary of the Plan.

**III. Severance of Insurance Company Defendants**

As alluded to earlier, the court will briefly address the Insurance defendants separate opposition to plaintiff's motion to remand. (Dkt. ##38, 40.) These defendants argue that plaintiff's claims for breach of contract and declaratory judgment against them should be severed and heard by this court on grounds of complete diversity of citizenship under 28 U.S.C. § 1332(a). There are several problems with this argument. As an initial matter, the Notice of Removal -- filed by the Towers defendants -- does not mentioned 28 U.S.C. § 1332(a) as a basis for removal. Moreover, neither the complaint nor the notice of removal alleges the citizenship of Meriter, Federal Insurance Company or MMIC Insurance Company. Instead, MMIC simply states its citizenship without any support in its opposition brief.

Even more fundamental than these issues, defendants fail to identify *any* basis for this court, lacking subject matter jurisdiction over the action, to sever certain claims and

only remand others. Whether the claims asserted against the Insurance defendants are properly severable is an issue for the state court to address in the first instance.[4]

ORDER

IT IS ORDERED that:

1) Plaintiff Meriter Health Services, Inc.'s motion to remand (dkt. #25) is GRANTED. The clerk of court is directed to remand this case to the Dane County Circuit Court.

2) Defendants' motion to bifurcate statute of limitations issues and stay further discovery pending decision on those issues (dkt. #63) is DENIED as moot.

Entered this 20th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] On remand, the state court can also address the effect of any purported agreement between Meriter and MMIC to litigate their coverage disputes in this court.